UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEVEN WAYNE BONILLA, | CASE NO. 1:18-cv-00173-LJO-MJS |
|---|---|
| Plaintiff, | ORDER DIRECTING CLERK'S OFFICE TO SEND PLAINTIFF PRISONER IFP APPLICATION AND REQUIRING PLAINTIFF TO FILE PRISONER IFP APPLICATION OR PAY FILING FEE IN FULL WITHIN THIRTY DAYS |
| v. | |
| JUDGE ARLAN HARRELL, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se in what is characterized as a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not filed an application to proceed in forma pauperis or paid the $400.00 filing fee in full necessary in such a case. He must do one or the other before this action can proceed.

While unclear, the pleading seems to reflect and intent to bring a civil complaint challenging alleged constitutional violations in the conduct of his criminal trial. He challenges proceedings in the Fresno County and possibly the Alameda County Superior Court. He seeks release from custody.

State prisoners cannot challenge the fact or duration of their confinement in a § 1983 action. Their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544

1

U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to § 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists).

For these reasons, it appears the above civil rights claims would be barred and subject to dismissal without prejudice. Plaintiff may want to assert his claims in a habeas corpus petition instead.

Absent that, the Court will continue to treat this, as styled, as a civil rights claim, Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff an in forma pauperis application for a prisoner;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either file a completed in forma pauperis application or pay the $400.00 filing fee in full.

If Plaintiff fails to obey this order, the undersigned will recommend dismissal of the action without prejudice.

IT IS SO ORDERED.

Dated: February 6, 2018        /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE