UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE ARLAN HARRELL, et al.,<br><br>Defendants. | CASE NO. 1:18-cv-00173-LJO-MJS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO SUBMIT AN APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY THE FILING FEE, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>FOURTEEN DAY OBJECTION DEADLINE |

Plaintiff is a state prisoner proceeding pro se in what appears to be a civil rights action pursuant to 42 U.S.C. § 1983.

**I.  Failure to Pay Filing Fee**

Plaintiff initiated this action on February 2, 2018. (ECF No. 1.) He did not file an application to proceed in forma pauperis ("IFP") or pay the applicable filing fee. On February 7, 2018, he was ordered to respond within thirty days by either filing an application to proceed IFP or paying the filing fee in full. He did not comply.

1

A civil action may not proceed absent the submission of either the filing fee or a completed application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Based on Plaintiff's failure to comply with the Court's order, dismissal of this action is appropriate. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

## II. Failure to State a Claim

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

### C. Plaintiff's Allegations

Plaintiff's allegations are somewhat unclear. However, as best the Court can tell, Plaintiff is challenging proceedings leading to his conviction in the Alameda County Superior Court. He seeks to void the judgment of conviction and to be released from custody. The role of the named defendants – both of whom are judges in Fresno County Superior Court – is not apparent.

### D. Discussion

Petitioner cannot challenge his conviction in this civil rights action. Nor may Plaintiff seek to invalidate the fact or duration of his confinement indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody. A section 1983 action is barred, no matter the relief sought, if success in that action would necessarily demonstrate the invalidity of confinement or its duration. Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).; Heck v. Humphrey, 512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or sentence, no cause of action under section 1983 exists). The exclusive method for challenging the fact or duration of Plaintiff's confinement is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 78, 81 (2005). See 28 U.S.C. § 2254(a). The Court notes that Plaintiff presently is pursuing a habeas petition to challenge this conviction. Bonilla v. Ayers, No. 4:08-cv-0471 YGR (N.D. Cal.).

### E. Conclusion Regarding Failure to State a Claim

In light of the foregoing, Plaintiff's complaint fails to state a claim upon which relief may be granted.

In general, a pro se Plaintiff is entitled to leave to amend unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (citation omitted). "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice and futility." Cal. Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1276, 1293 (9th Cir. 1983); Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991).

Here, defects in the complaint cannot be cured through amendment. The Court concludes leave to amend would be futile and should be denied.

### III. Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Petitioner's complaint be dismissed without leave to amend for:

1. Failure to pay the applicable filing fee or file a motion to proceed in forma pauperis; and
2. Failure to state a claim upon which relief may be granted.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)

IT IS SO ORDERED.

Dated: March 20, 2018      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE